# EXHIBIT A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _Law_ DIVISION

No. _____

Lee Minnt
_(Name all parties)_
v.
Eos CCA

EOS CCA (reg agt)
CT Corp #814
208 S. LaSalle
Chy, IL 60604

16L000879

☐ SUMMONS   ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☒ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 48020
Name: Lee Minnt
Atty. for: plntff
Address: PO Box 608082
City/State/Zip: Chy IL 60660
Telephone: 773-742-3987
Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

WITNESS, _____

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

RECEIVED-13232-242016-

*02003291*

DOC.TYPE: LAW
CASE NUMBER: 16L000879
DEFENDANT
EOS CCA
208 S LASALLE
CHICAGO, IL 60604
#814

DIE DATE
02/20/2016

SERVICE INF
RM 801 (R/A

ATTACHED

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____Cm_____ DIVISION

No. _____

Lee Minett
_____
(Name all parties)
v.
EOS CCA
_____

☐ SUMMONS   ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 602, Chicago, Illinois 60602

☑ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____ 2016

Atty. No.: _____
Name: Lee Minett
Atty. for: Plaintiff
Address: PO Box 608002
City/State/Zip: Chi, IL 60660
Telephone: 773 717 9107

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

RECEIVED-13232-242016-

DOC.TYPE: LAW
CASE NUMBER: 16L000879
<u>DEFENDANT</u>
EOS CCA
208 S LASALLE
CHICAGO, IL 60604
#814

DIE DATE
02/20/2016

SERVICE INF
RM 801 (R/A

ATTACHED



## IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
## FIRST DISTRICT LAW DIVISION

LEE MOMEINT

Plaintiff

-v-

EOS CCA
Defendant

16L000879

DEMAND FOR JURY TRIAL

## COMPLAINT

Now Comes the Plaintiff, Lee Momient, pro se, and he hereby sues Defendant, EOS CCA ("EOS") for violations of the TCPA, and Invasion of Privacy and for various tortious acts and in so doing complains as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii); and for related tortious acts.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendant.

3. Plaintiff intends to propound discovery to determine the actual number of violations of the law were committed by the Defendant against the Plaintiff that were not successfully documented by Plaintiff herein, and reserves the right to amend his complaint to include discovered violations.

4. Congress enacted the Telecommunications Privacy Act in 1991. The TCPA prohibits

1

certain uses of telecommunications equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

5. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system d. to any telephone number assigned to a .. , cellular telephone service ... 47 U.S.C. § 227(b)(1)(A).

6. "Under the TCPA, the term "automatic telephone dialing system" or "autodialer" is defined as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (8) to dial such numbers." Id. § 227(a)(1), The Commission has emphasized that this definition covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092, para. 133 (2003) (2003 TCPA Order). The Commission has, for example, concluded that the scope of that definition encompasses "hardware [that], when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers," in light of, among other things, its conclusion that "the purpose of the requirement that equipment have the capacity to

store or produce telephone numbers to be called' is to ensure that the prohibition on autodialed calls not be circumvented. n Id. at 14091-93, paras. 131, 133." [Quoting, FCC ruling (FCC No. 12-143 A 11 nn. 5) emphasis added]

7. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

A person or entity may ... bring ... an action based on a violation oij47 U.S.C.§ 227(b)] to enjoin such violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both ... If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory] damages available above. 47 U.S.c. § 227(b)(3).

8. That in the case of Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637 – The plaintiff complained that the Defendant ERC had called his cellular phone numerous times with an Autodialer seeking to reach someone other than the plaintiff; and therefore the defendant did not have permission of the called party to make the automated calls to the plaintiff's cellular phone. On appeal the defendant, ERC, argued that the TCPA was not violated because they had the permission of the person who gave them the cellular number. The 7th Circuit did not find the defendant's argument persuasive. (See "Ex. A" The 7th Circuit decision.)

9. In the case of Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637 The 7th Circuit Court of Appeals held:

3

10. "We conclude that "called party" in §227(b)(1) means the person subscribing to the called number at the time the call is made.

## JURISDICTION AND VENUE

11. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

12. This is an action for damages which exceed $30,000.00.

## PARTIES

13. Plaintiff, Lee Momient, is a natural person and is a resident of the State Illinois.

14. Upon information and belief Defendant, EOS is a foreign corporation; and not authorized to do business in Illinois.

## FACTUAL ALLEGATIONS

15. Defendant EOS initiated calls to plaintiff's cellular number ending in 3989 on each of as many as and possible more than 50 occasions from as early and possibly earlier than July 2011 to as late and possibly later than January of 2016.

16. The defendant may have initiated more calls on earlier dates and later dates.

17. Each of the calls identified itself as originating from one of may EOS telephone numbers including, 855-974-6089.

18. Upon information and belief 855-974-6089 is a telephone number belonging to the defendant.

19. On each of these calls when the phone was answered there would be a several second pause, or an automated message, indicating the use of an Autodialer and or

4

Automated voice.

20. During many of these calls, when answered by the plaintiff, and only after sometime of the plaintiff repeating "Hello" would an agent of EOS would answer the call, OR an automated voice would begin to recite information about EOS.

21. On occasions when the calls were answered the Autodialer ended the call and essentially hung up.

22. On several occasion EOS would leave a voicemail message with an automated voice on plaintiff's voicemail.

23. On each call to the plaintiff's cellphone when the defendant would eventually pick up the line, the defendant would ask for someone other than the plaintiff.

24. Upon information, recollection and belief, the Plaintiff explained to the defendant that they were calling the wrong number and asked them to stop the harassing calls. Alternatively, the plaintiff has never identified himself the EOS to be the intended party.

25. The calls made to the plaintiff cellular phone by defendant were not made with the consent of the called party; the plaintiff.

26. All telephone contact by Defendant to Plaintiff on his cellular telephone forming the basis for this Complaint occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

27. The telephone number that Defendant used to contact Plaintiff, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

28. During the transaction that resulted in the debt owed, Plaintiff did not provide express consent to receive prerecorded calls by Defendant on his cellular telephone.

29. Plaintiff did not provide "express consent" allowing Defendant to place telephone calls to Plaintiffs' cellular telephones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

30. Defendant did not make telephone calls to Plaintiffs' cellular telephones "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

31. Plaintiff suffers from severe back pain from previous injuries that were exacerbated during each call, each time, by having to reach and or rush to answer calls that were not intended for him and were a nuisance.

32. Plaintiff has suffered, and defendant is liable for all, actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, exacerbation of physical injuries and illnesses, out-of-pocket expenses, pain and suffering, inconvenience, loss of happiness, loss of incidental time, frustration, emotional distress, mental anguish, and court costs.

## COUNT I

## INVASION OF THE RIGHT OF PRIVACY BY INTRUSION UPON SECLUSION

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. The Defendant EOS undertook a series of nearly, and possibly more than, 50 separate communications to the private home and private cellphone of the Plaintiff constituting an invasion of privacy by intrusion upon seclusion of another, as set out and described

in the common law of the State of ILLINOIS. Said communications were harassing, unreasonable, systematic and continuous in number and made in disregard for Plaintiffs' right to privacy and seclusion; after repeated, lawful requests that the Defendant no longer contact him by phone pursuant to the TCPA and the FDCPA and common decency. Said communications were made to intentionally distress, annoy, force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

35. The actions of the Defendant would be highly offensive or objectionable to any reasonable person.

36. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy.

37. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Illinois and violated the Plaintiffs' privacy.

38. Plaintiff avers that the Defendants telephoned the Plaintiff on multiple occasions demanding payment.

39. The Plaintiff avers that the communications were made by automated dialers acting on behalf of defendant.

40. Plaintiff suffered anguish, harassment, hounding, exacerbation of existing medical conditions; exacerbation of existing physical illnesses (herniated disc).

41. Defendants refused to cease and desist the calling, hounding and harassment.

42. Defendants have continuously and repeatedly called The Plaintiff at home and other places after being told not to call. Alternatively, the defendants continuously and

7

repeatedly called the plaintiff at homes and other places despite the defendant repeatedly reaching the plaintiff and not their intended party.

43. As a proximate consequence of said invasion of the right of privacy, Defendant has caused the Plaintiff to suffer great worry, loss of sleep, loss of happiness, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury, pain.

44. **WHEREFORE**, Plaintiff demands judgment for damages against EOS for actual damages in an amount of no less than $30,000.00; for and punitive damages, attorney's fees and costs.

## COUNT II

## WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

45. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

46. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on of nearly, and possibly more than, 50 separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system and a prerecorded voice without Plaintiffs prior express consent.

47. Alternatively, the defendant acted negligently when calling in the manner described.

48. **WHEREFORE,** As a result of EOS'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

49. **Alternatively,** in the unlikely event that the violations of EOS are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against EOS for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

### COUNT III

### WILLFULL AND KNOWING

#### Violations of the Telephone Consumer Protection Act

50. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

51. Defendant willingly and knowingly violated 47 U.S.C. § 227(b}(1)(A) on nearly, and possibly more than, 50 separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system without Plaintiffs prior express consent.

52. Alternatively, the defendant acted negligently when calling in the manner described.

53. **WHEREFORE,** As a result of EOS'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

54. **Alternatively,** in the unlikely event that the violations of EOS are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against EOS

9

for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

## COUNT IV

## WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

55. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

56. Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(1), each, of nearly, and possibly more than, 10 separate occasions by each time leaving a prerecorded telephone message in Plaintiffs voicemail that did not clearly state the name under which Defendant was registered to conduct business.

57. Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE,** As a result of EOS'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively,** in the unlikely event that the violations of EOS are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against EOS

for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF, LEE MOMIENT, PRAYS that after all due proceedings are had there be Judgment herein in favor of Plaintiffs and against related Defendants, on ALL COUNTS as follows:

That there be Judgment herein in favor of Plaintiff, LEE MOMIENT, and against EOS, for all reasonable damages sustained by Plaintiff, including, but not limited to, statutory damages, treble statutory damages, compensatory damages associated with the costs of out-of-pocket expenses, gross exacerbation of existing physical injury, embarrassment, inconvenience, loss of incidental time, frustration, emotional distress, aggravation, and for punitive damages, attorney fees, costs incurred, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full.

PLAINTIFF FURTHER PRAYS for any and all general, equitable and necessary relief.

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Plaintiff hereby demands that defendant preserve any and all evidence related to the matters herein stated.

Lee Momient

_____ 1/26/2016

P.O. Box 608082
Chicago, IL. 60660
773-712-3989

This action is for damages greater than $100,000.

Service List:

Registered Agent for EOS

EOS CCA

11

CT CORP
208 SO LASALLE ST, SUITE 814
Chicago Il 60604

12